# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Byron Georgiou, et al.,

    Plaintiffs

v.

Phillip V. Ruthen, et al.,

    Defendants

Case No.: 2:21-cv-01060-JAD-DJA

**Order Granting Motions to Transfer Venue, Denying as Moot Motions to Dismiss, and Transferring Action to the United States District Court for the Middle District of Georgia**

[ECF Nos. 86, 87, 88, 91, 92]

Byron Georgiou, the Georgiou Family Trust, and Benjamin Hill Realty LLC bring this action against Phillip V. Ruthen, Shaw Industries Inc., L. Lake Jordan, and Jeffrey W. Stevens for alleged securities fraud, breach of contract, and elder abuse after Georgiou invested in a piece of property located in Ben Hill, Georgia. Ruthen, Shaw, and Jordan move to dismiss this suit, arguing that this court lacks personal jurisdiction over them. Shaw and Jordan alternatively move to transfer this case to the Middle District of Georgia, where the majority of the events that led to this suit transpired. Ruthen also moves to dismiss the complaint for failure to state a claim. I find that this district is an improper venue to resolve this dispute, so I grant Shaw and Jordan's motions to transfer venue to the United States District Court for the Middle District of Georgia and deny as moot the remaining motions to dismiss.

**Discussion**

28 U.S.C. § 1404(a) authorizes district courts to dismiss or transfer a case that has been brought in an improper venue to one "in which it could have been brought."[1] Transfer decisions

---

[1] 28 U.S.C. § 1404(a); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (noting that the decision to dismiss or transfer is within the district court's discretion).

lie within the district court's discretion and require an "individualized, case-by-case consideration of convenience and fairness."[2] The relevant factors thus depend on the facts of each particular case.[3] "For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."[4] The plaintiff bears the burden of showing that venue is proper.[5]

Plaintiffs allege that venue lies in the District of Nevada under 28 U.S.C. § 1391(b) and section 27 of the Exchange Act.[6] Under 28 U.S.C. § 1391(b), a judicial district is a proper venue for a civil action if it is one in which: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ."[7] If neither of those two bases applies, then venue is properly laid in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect

---

[2] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

[3] *Compare Jones*, 211 F.3d at 498 (setting forth a non-exhaustive list of private and public-interest factors), *with Decker Coal Co.*, 805 F.2d at 843 (setting forth relevant considerations in breach-of-contract action); *see also Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (both identifying relevant considerations on the facts of the particular case).

[4] *Jones*, 211 F.3d at 498–99.

[5] *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

[6] ECF No. 82 at ¶ 17.

[7] 28 U.S.C. § 1391(b)(1)–(2).

to such action."[8]  The Exchange Act states that a civil action brought to enforce the act "may be brought in any district [wherein any act or transaction constituting the violation occurred] or in the district wherein the defendant is found or is an inhabitant or transacts business."[9]

Georgiou fails to demonstrate that the District of Nevada is a proper venue for this case. The property underlying this dispute is located in the Middle District of Georgia.[10]  The deed in lieu of foreclosure was recorded in the Middle District of Georgia.[11]  The purchase agreement, promissory note, guaranty, and forbearance agreement related to the property's sale contain Georgia choice-of-law provisions, so Georgia is the state most familiar with much of the governing law that will arise in this case.[12]  Shaw, Jordan, and Stevens reside in Georgia.[13]  Ruthen, while an alleged resident of Florida, performed his alleged acts from Georgia or remotely from New York and never travelled to Nevada to discuss the deal with Georgiou.[14]

Aside from conclusory allegations that the defendants knew he was in Nevada and thus "intend[ed] to cause [the] effects" of their actions in Nevada, Georgiou does not point to any actions that the defendants took in this district.[15]  The only witnesses identified in Nevada are the

---

[8] *Id.* at § 1391(b)(3).

[9] 15 U.S.C. § 78aa(a).

[10] ECF No. 82 at ¶ 29 (first-amended complaint); ECF No. 86-3 at 2 (purchase agreement).

[11] ECF No. 86-20 (deed in lieu of foreclosure).

[12] ECF No. 86-3 at 8; ECF No. 86-10 at 6 (promissory note); ECF No. 86-12 at 10 (guaranty); ECF No. 86-17 at 7 (forbearance agreement).

[13] ECF No. 82 at ¶¶ 7, 12, 13.

[14] *See, e.g., id.* at ¶¶ 28–30, 39–44; ECF No. 88-2 at ¶¶ 3, 4, 7 (Ruthen's declaration).

[15] ECF No. 82 at ¶¶ 4, 7, 12, 13.  Georgiou alleges that Shaw conducted systematic business in Nevada.  *Id.* at ¶ 7–11.  But Shaw presents competent evidence to show that Georgiou's allegations relate to non-party Shaw Industries Group.  *See* ECF No. 87-1 at 3.  The party—Shaw Industries Inc.—is a wholly owned subsidiary of its parent company, Shaw Industries Group.  *Id.*  Unlike Shaw Industries Group, Shaw conducts the vast majority of its business in

plaintiffs themselves; everyone else involved in this deal—the lawyers, real-estate agents, and Shaw employees—are all located in Georgia.[16]  Plaintiffs oppose transfer and their lone point against it is that their choice of venue "is entitled to paramount consideration."[17]  But on balance, plaintiffs' preference does not outweigh the myriad other factors that point to Georgia as the proper venue for this dispute.  The plaintiffs' presence in this state is insufficient to establish proper venue.  So I grant the motions and transfer this case to the Middle District of Georgia.

## Conclusion

IT IS THEREFORE ORDERED that Shaw's and Jordan's motions to transfer venue **[ECF Nos. 87 and 92] are GRANTED**.

IT IS FURTHER ORDERED that the defendants' motions to dismiss **[ECF Nos. 86, 88, and 91] are DENIED as moot.**

The Clerk of the Court is instructed to **TRANSFER** this case under 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of Georgia and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
September 21, 2022

---

Georgia. *Id.* at 3–4.  It has one regional distribution center in Nevada that has no relation to the facts of this case.  *Id.*

[16] *See* ECF No. 86-1 at ¶ 5, 14–20.

[17] ECF No. 95 at 31.