IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GEORGIOU FAMILY TRUST *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:22-CV-00147 (WLS) |
| | : | |
| PHILLIP V RUTHEN *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **ORDER**

The Court is reviewing the Parties' cross-motions for summary judgment. (Docs. 188 & 199.) In Plaintiffs' Reply in support of their Motion they object to Defendant L. Lake Jordan's reliance on the unsworn expert report of Kim Jackson (Doc. 188-15 at 8). (Doc. 201 at 6.)

Generally, the Court may not consider unsworn statements on a motion for summary judgment. *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022) (quoting *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003)). Still, when a party fails to properly support or address a fact, the Court may give that party an opportunity to do so. Fed. R. Civ. P. 56(e)(1).

The Court has already allowed Plaintiffs to cure deficiencies in their Motion and briefing. (*See* Docs. 210, 212 & 213.) So the Court will allow Jordan to supplement under Rule 56(e)(1). He must do so with sworn testimony supporting the opinions and assertions made in Ms. Jackson's expert report. He must submit this no later than **5:00 P.M. on Friday, August 1, 2025**. If Jordan fails to supplement, the Court may decline to consider Ms. Jackson's report. Even so, the Court makes no final determination whether it may properly consider Ms. Jackson's expert report in resolving the pending motions.

**SO ORDERED**, this 29th day of July 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**