**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| GEORGIOU FAMILY TRUST, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CASE NO.: 1:22-CV-00147 (WLS) |
| : | |
| PHILLIP V. RUTHEN, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Before the Court is Defendant L. Lake Jordan's First Motions in Limine (Doc. 231) ("the Motion"). The Court held a pretrial conference in this case on September 2, 2025. (Doc. 236). At the conference, Plaintiffs and Defendant Jordan indicated a desire for a speedy resolution of any motions in limine. Plaintiffs have not responded to the Motion and their deadline to do so expired on Tuesday, September 23, 2025.

The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins.*, No. 2:07-cv-16, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). But the context at trial often determines the admissibility of evidence and, for this reason, "i[n] limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Ohler v. United States*, 529 U.S. 753, 757 n.3 (2000). Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013). A motion in limine ruling has no impact on counsel's duty to make proper and contemporaneous objections at trial as to any evidence or argument they consider inadmissible or improper. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019). As such, the Court disfavors motions in limine.

Jordan seeks a ruling on nineteen evidentiary motions. The Court will first address a broad category of these motions and then a few individual motions. First, Jordan seeks to exclude evidence of settlement discussions, the existence of insurance coverage, "send a message" arguments, and more. Essentially, these are all "follow-the-law" objections requiring the Court to admit only admissible evidence relevant to the claims in the current case or asking the Court to recognize established rules of evidence. Such objections are improper. *See e.g.*, *Huddleston v. United States*, No. 2:19-CV-14048, 2019 WL 6828148, at *2 (S.D. Fla. Dec. 13, 2019). To the extent it needs to be said, the Parties must follow the law, and the Court will faithfully apply the applicable rules of evidence at trial. In any case, the requested exclusion is cast far too broadly, given that Jordan does not request any specific piece of evidence be excluded. It is thus impossible for the Court to engage in the context-specific consideration typically necessary for an evidentiary ruling. Accordingly, Jordan's motions One, Two, Three, Four, Five, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Seventeen, Eighteen, and Nineteen are all **DENIED WITHOUT PREJUDICE**. The Defendant may raise such objections, to the extent justified, as it relates to specific testimony offered by Plaintiff at trial.

Jordan seeks to invoke the rule of sequestration, pursuant to Federal Rule of Evidence 615. This rule requires the Court to order witnesses excluded from the courtroom so they cannot hear other witnesses' testimony. However, it does not authorize excluding "(1) a party who is a natural person; (2) one officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative by its attorney; (3) any person whose presence a party shows to be essential to the presenting party's claim or defense; or (4) a person authorized by statute to be present." While the Parties' Joint Proposed Pretrial Order contains a list of witnesses who will be present at trial, the Court lacks the information necessary to know whether a witness is one whose presence is essential to the presenting party's claim or defense, or a witness is authorized by statute to be present. Therefore, it will be more appropriate for Jordan to invoke the rule at trial, where Plaintiffs may identify whether any of their witnesses are excluded from sequestration. Accordingly, Jordan's Seventh Motion in Limine is **DENIED WITHOUT PREJUDICE**.

Jordan seeks to exclude introduction of evidence not identified in the pre-trial order. It is not the practice of the Court to require parties produce or identify all potential, relevant evidence in the pre-trial order. While the information regarding evidence provided by the Parties in the pre-trial order assuredly facilitates trial preparation for all parties, this Court does not require such and will not order exclusion on these grounds. Accordingly, Jordan's Sixteenth Motion in Limine is **DENIED WITHOUT PREJUDICE**.

Upon review, the Court has not identified any evidence specifically referenced which cannot be addressed effectively by contemporaneous objection, motion to exclude, or by appropriate curative or limiting instructions to the jury by the Court. Accordingly, Jordan's First Motions in Limine (Doc. 231) is **DENIED WITHOUT PREJUDICE**. Nothing in this Order, however, should be construed as limiting the Parties from raising these objections to evidence at trial, if justified.

**SO ORDERED**, this 29th day of September 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**